UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FL-7, INC.,

      Plaintiff,                        Case No.:

vs.

NGM INSURANCE COMPANY,

      Defendant.
_____/

## COMPLAINT

Plaintiff, FL-7, INC., by and through undersigned counsel, sues Defendant, NGM INSURANCE COMPANY, and alleges:

1. This is a disputed flood insurance claim under the National Flood Insurance Program and, pursuant to 42 U.S.C. §4072 and 44 C.F.R. Part 61, App. A(l), Article VII(R), the United States District Court for the district in which the insured property is located is vested with original subject matter jurisdiction, without regard to the amount in controversy, over cases arising out of insurance claims arising under the National Flood Insurance Program.

2. Plaintiff is the owner of residential real property in Collier County, Florida, located at 960-990 9th Street S., Naples, FL 34102.

3. This breach of contract action involves breaches of a Standard Flood Insurance Policy ("SFIP"), that the Defendant sold to the property owner pursuant to the NFIA.

4. The Defendant, NGM Insurance Company (the "Company"), is a private insurance company authorized to and doing business in Florida. Defendant is appearing as a Write-Your-Own ("WYO") National Flood Insurance Program ("NFIP") carrier under the authority of the NFIA. Pursuant to 44 C.F.R. § 62.23(d) and (i)(6), Defendant is responsible for adjusting, settlement, payment and defense of all claims arising from flood insurance policies.

5. In consideration of a premium paid by Plaintiff, Defendant issued a standard flood insurance policy to Plaintiff with effective dates covering the date of loss of September 28, 2022, which insured the Plaintiff's dwelling against certain flood losses. The insurance policy bears NFIP Policy Number 87056515622022 (the "Policy"). A true and correct copy of the declarations page of the policy is attached hereto as Exhibit "A".

6. Federal Code of Regulations 44 C.F.R. §62.23 permits the Plaintiff to initiate this action against Defendant directly in the place of the Director of the Federal Emergency Management Association.

7. On or about September 28, 2022, Hurricane Ian passed through Collier County, Florida, causing Plaintiff's dwelling to flood, as that term is defined under the standard flood insurance policy, and causing damage to Plaintiff's dwelling. The exterior water line on the Plaintiff's dwelling was 33 inches as a result of the flooding caused by Hurricane Ian.

8. Plaintiff timely notified Defendant of the loss sustained, provided Defendant with all the details surrounding the loss, allowed Defendant to study, inspect, and survey the property, and submitted to Defendant a sworn proof of loss and estimate of damage, thus complying fully with all provisions of the Policy relating to giving notice of the loss and cooperating in the investigation of the loss. Plaintiff then made demand upon Defendant to honor its obligations under the Policy and pay benefits owed to it on the Policy.

9. Thereafter, Defendant denied Plaintiff's claim for supplemental damages and/or underpaid the value of its Hurricane Ian claim, estimated by Plaintiff to exceed $251,000.00; however, Plaintiff is making a claim for damages in the amount of $156,908.60 in this lawsuit, which represents the remaining benefits available under the subject Policy after subtracting the insurance proceeds previously paid by the Defendant.

10. Defendant's failure and refusal to honor the full extent of Plaintiff's claim or pay all benefits due and owing to Plaintiff constitutes a material breach of the Policy.

11. As a direct and proximate result of Defendant's breach of the Policy, Plaintiff has suffered and continues to suffer damages as recoverable under the Policy, including the cost to repair and replace the damage to the dwelling and all other damages recoverable under the Policy.

12. Plaintiff has performed all conditions precedent to this action, or those conditions have been waived or excused.

**WHEREFORE,** Plaintiff, FL-7, Inc. requests that this Court enter judgment against the Defendant and in favor of the Plaintiff for $156,908.60 due to the Defendant's breach of the contract, cost and for such other and further relief as this Court may deem proper.

Dated: January 3, 2024               **Respectfully submitted,**

By: */s/ Terry B. Cramer, III*
    Terry B. Cramer, III, Esquire
    Florida Bar No. 099360
    **WILBUR SMITH, LLC**
    2200 Broadway, 3rd Floor
    Fort Myers, FL 33901
    239.334.7696 Telephone
    239.334.3669 Facsimile
    *CivilPleadings@WilburSmith.Law*
    Attorney for FL-7, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 3, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all parties of record.

        */s/ Terry B. Cramer, III*
        Attorney